STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TONY HADDAD,
    Plaintiff,                                     Case No 2:09-cv-12597
vs.                                                 Hon. David M. Lawson

CHARLES RILEY & ASSOCIATES, INC.,
a Michigan corporation, and
CHARLES RILEY,
BRIGHTON MARKET, INC.
a Michigan corporation,
BLUE DIAMOND MARKET OF WARREN, INC.
a Michigan corporation,
    Defendants.
_____/

| | |
|---|---|
| GARY D. NITZKIN  P41155 | ROBERT A. KUHR P31371 |
| NITZKIN & ASSOCIATES | ROBERT A. KUHR, PLLC |
| Attorneys for Plaintiff | Attorney for Charles Riley and Charles Riley and Associates |
| 22142 West Nine Mile Road | P O Box 182062 |
| Southfield, MI 48034 | Shelby Township, MI 48318 |
| (248) 353-2882 | (586) 532-0520 |
| Fax (248) 353-4840 | Fax (586) 532-0588 |
| Email – gnitzkin@creditor-law.com | Email – r_kuhr@hotmail.com |
| | |
| | GORDON S. GOLD P14087 |
| | SEYBURN KAHN et al |
| | Attorneys for Defendant Brighton Market, Inc. |
| | 2000 Town Center |
| | Suite 1500 |
| | Southfield, MI 48075 |
| | (248) 353-7620 |
| | Fax (248) 353-3727 |
| | Email ggold@seyburn.com |

_____  _____/

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO COURT'S ENTRY OF DEFAULT AGAINST BLUE DIAMOND MARKET.**

**IN SUPPORT OF HIS MOTION FOR DEFAULT, PLAINTIFF STATES:**

1. Plaintiff filed a lawsuit against defendants, including Blue Diamond Market.

1

2. Plaintiff's claims against Blue Diamond Market were based on its negligent and willful violation of the Fair Credit Reporting Act.

3. On September 9, 2009, the Clerk of the Court entered the default of Defendant Blue Diamond Market of Warren, Inc.

4. Pursuant to Fed.R.Civ.P. 55(b)(2), Plaintiff is entitled to a judgment against Blue Diamond.

5. Plaintiff seeks and is entitled to the following damages:

    a. Emotional damages of $10,000 (Exhibit 1);

    b. Exemplary damages $10,000 under the Fair Credit Reporting Act;

    c. Costs - $507.50 (filing fee - $350.00, service of process $157.50);

    d. Attorneys' fees - $4,637.50 (Exhibit 2)

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Blue Diamond Market in the amount of $25,145.00.

Respectfully submitted.

September 15, 2009         /s/ Gary Nitzkin
                           GARY D. NITZKIN (P 41155)
                           NITZKIN & ASSOCIATES
                           Attorneys for Plaintiff
                           22142 West Nine Mile Road
                           Southfield, MI 48034
                           (248) 353-2882
                           Fax (248) 353-2882
                           Email - gnitzkin@creditor-law.com

**Proof of Service**

  I, Gary Nitzkin, hereby state that on _____, I served a copy of the within pleading upon all counsel as their address appear of record via e-mail using the United States District Court's CM/ECF system and a copy on Blue Diamond Market via first class mail.

               /s/ Gary Nitzkin

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO COURT'S ENTRY OF DEFAULT AGAINST BLUE DIAMOND MARKET**

**FACTS**

Plaintiff filed a complaint against Charles Riley and Charles Riley and Associates ("CRA" and collectively "the Riley Defendants"), Blue Diamond Market of Warren, Inc. ("Blue Diamond") and Brighton Market, Inc. ("Brighton") for violation of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). The Plaintiff's claims arise from his perfect credit rating being tarnished by derogatory items being placed on his credit report by the Riley Defendants, on behalf of their clients, Blue Diamond and Brighton. Someone (the "Bad Actor") holding himself out to have the same name as the Plaintiff, negotiated two checks; one with Blue Diamond and one with Brighton. When these checks were discovered to be forgeries or fraudulent, the Riley Defendants began collection proceedings against the Plaintiff. Further still, the Riley Defendants credit reported these debts on the Plaintiff's consumer credit file with Experian.

Mr. Haddad, following the strictures of the Fair Credit Reporting Act, posited a consumer dispute to each trade line reported by the Riley Defendants on behalf of their clients, Blue Diamond and Brighton. All of the Defendants confirmed the trade lines as belonging to the Plaintiff

Mr. Haddad filed the within action and served all of the defendants with the complaint. Blue Diamond had failed to plead and/or otherwise defend against this action. On September 9, 2009, the clerk of the court entered the default of Blue Diamond. Plaintiff's claims against Blue Diamond for both negligent and willful violation of the

4

Fair Credit Reporting Act have now been established in this case. Mr. Haddad is now entitled to a judgment on this default.

### PLAINTIFF IS ENTILTED TO EMOTIONAL DAMAGES AGAINST BLUE DIAMOND MARKET.

In this case, the Plaintiff has suffered no economic damages apart from the costs of this litigation and attorneys' fees.  However, Count IV of the Plaintiff's complaint has accused Blue Diamond of willfully violating the FCBA.   Now that Blue Diamond has defaulted in this action, its liability for Count IV is now established.

15 U.S.C. 1681n authorizes a court to award actual damages, punitive damages and reasonable attorneys' fees when a furnisher of information to a consumer reporting agency willfully fails to comply with its duties under 1681s-2b.  To be found in willful noncompliance, a defendant must have "knowingly and intentionally committed an act in conscious disregard for the rights of others.  *Stevenson v TRW, Inc*. 987 F.2d 288, 293 (1993).

15 U.S.C. 1681(o) authorizes a court to award actual damages sustained from a furnisher's negligent violation of the FCRA.  Actual damages include humiliation or mental distress, even if the consumer has suffered no out of pocket losses.  *Id*. at 296.

In the case before this court, Mr. Haddad has maintained a perfect credit score ever since he was old enough to obtain credit.  He worked hard at this endeavor and took pride in the fact that his credit was perfect and heretofore, unblemished.  Mr. Haddad's perfect credit score was assaulted by the Defendants, all without regard to the truth of the fact that he was neither the payee nor the negotiator of the checks at issue on his case.

Under the statutory scheme of the FCRA, the Plaintiff was entitled to dispute the derogatory items reported by the defendants on the Plaintiff's consumer credit file. Mr. Haddad posited his disputes. The Defendants were all then required to conduct investigations into Mr. Haddad's dispute. Had anyone of them bothered to conduct even a remote reinvestigation into the debt, they would have discovered that Mr. Haddad was not the proper target of their collection efforts. The Defendants retained their derogatory trade lines on Mr. Haddad's consumer credit file. The Defendants' individual and collective refusal to remove these trade lines have caused Mr. Haddad untold grief and emotional anguish. He had avoided applying for credit anywhere because he did not want to be further humiliated by creditor grantors when faced with these bogus trade lines. Mr. Haddad should be awarded a minimum of $10,000 against Blue Diamond Market in emotional damages, for its willful violation of the Fair Credit Reporting Act.

### MR. HADDAD IS ENTITLED TO EXEMPLARY DAMAGES AGAINST BLUE DIAMOND MARKET FOR ITS WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT.

15 U.S.C. 1681n(a)(2) provides that anyone that fails to comply with their duties under the FCRA shall be liable for such punitive damages as the court may allow. In *Jones v Credit Bureau of Huntington, Inc*., 399 S.E.2d 694, 702 (1990), the court held in a FCRA action, it is not necessary for punitive damages to bear a reasonable relationship to actual damages. The Jones court held:

> In determining the proper amount of punitive damages to be assessed, the court must consider a variety of things: the remedial purpose of the Act, the harm to consumers intended to be avoided or corrected thereby, the manner in which the defendant conducted its business and dealt with the plaintiff, as well as the defendant's income and net worth. *Id*.

6

In the case before this court, Blue Diamond defaulted and hence, Plaintiff has been unable to obtain any discovery from it.  Hence, the parties are presently without knowledge as to Blue Diamond's income and net worth.  However, the court may still consider the remedial purpose of FCRA and the harm that it has caused to the Plaintiff by its failure to conduct a reasonable reinvestigation into Mr. Haddad's claim after he brought to its attention, the fact that he was not the person who negotiated a check with it.  The court should assess punitive damages against Blue Diamond as it simply did nothing; it  conducting no reinvestigation and simply attempted to collect its debt using thug-like methods of its agents, the Riley Defendants.  These methods included threatening Mr. Haddad with a court trial that would start "next week" when in fact, no lawsuit had even been filed.  This court needs to send a message to all of these defendants that these violations of the FCRA will not be tolerated.  Plaintiff seeks and should be awarded $10,000 in exemplary damages as allowed by 15 U.S.C. 1681n(a)(2).

## PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS' FEES.

Mr. Haddad has retained the legal services of Nitzkin and Associates.  The lead attorney in this case, Gary Nitzkin, has an extensive background in credit and collection issues.  Mr. Nitzkin, according to his affidavit, has been practicing law for about twenty years.  Mr. Nitzkin's usual and customary hourly rate is $265 per hour and has incurred 17.5 hours thus far in pursuing this matter.  He has attached his affidavit in support of the costs and attorneys' fees to which Plaintiff is seeking reimbursement.

## CONCLUSION

Plaintiff is entitled to a judgment against Defendant Blue Diamond Market in the amount of $25,145.00, pursuant to the Fair Credit Reporting Act.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Blue Diamond Market in the amount of $25,145.00.

Respectfully submitted.

September 15, 2009        /s/ Gary Nitzkin
                          GARY D. NITZKIN (P 41155)
                          NITZKIN & ASSOCIATES
                          Attorneys for Plaintiff
                          22142 West Nine Mile Road
                          Southfield, MI 48034
                          (248) 353-2882
                          Fax (248) 353-2882
                          Email - gnitzkin@creditor-law.com

# EXHIBIT 1

## AFFIDAIVIT OF TONY HADDAD

State of Michigan          }
                           }ss
County of Macomb           }

I, Tony Haddad, being duly sworn, hereby state that if called to testify in this action, would plead as follows:

1. I am the Plaintiff in this case.

2. This case involves two trade lines that are being reported on my Experian consumer credit file by Charles Riley and Associates ("CRA").

3. Each of these trade lines emanate from a check that was negotiated to Defendants Blue Diamond Market and to Brighton Market. Each of these checks, upon information and belief, bore my name as the payee.

4. I was never the payee of either of these checks.

5. I was never the negotiator of either of these checks.

6. These checks were first brought to my attention by Charles Riley and Charles Riley and Associates.

7. I had a conversation with Charles Riley from Charles Riley and Associates during which time, he informed me that he was the collection agent for both Blue Diamond Market and Brighton Market. During that conversation, I informed Riley that I was not the payee of those checks nor was I the person who had negotiated these checks with his clients. Mr. Riley curtly told me "OK then, we will just set it for trial next week, thank you."

2

8. When I learned that the defendants were reporting these trade lines to my Experian consumer credit file, I posited a dispute with Experian.

9. Experian informed me that it, in turn, informed the furnishers of my dispute.

10. Experian subsequently advised me that the furnishers of the information, including all of the defendants, "confirmed" the trade line as my responsibility.

11. I have maintained perfect credit ever since I was able to obtain credit.

12. The derogatory items placed on my credit report by the defendants have caused me severe emotional distress. I have avoided applying for credit anywhere as I did not want to be further embarrassed or humiliated by prospective credit grantors.

13. I have lost sleep due to these derogatory items being placed on my credit report by the defendants.

14. I have hired the Law Offices of Nitzkin and Associates to pursue my rights and to clear my consumer credit files from these bogus trade lines as reported by all of the defendants to this action.

15. I have incurred the fees of $4,637.50 and costs of $507.50 as stated by Mr. Nitzkin, in his affidavit.

Further Affiant Saith Not.

_____
Tony Haddad

Subscribed and sworn to before me this *15* day of *September*, *2009*

_____
Notary Public, *Oakland* County, MI
My commission expires: *4/26/2012*

PAMELA L. DRAKE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES APRIL 26, 2012
ACTING IN *Oakland* COUNTY

3

# EXHIBIT 2

# AFFIDAIVIT OF GARY NITZKIN

State of Michigan        }
                         }ss
County of Oakland        }

    I, Gary Nitzkin, being duly sworn, hereby state that if called to testify in this action, would plead as follows:

1. I am counsel for Plaintiff in this case.

2. I have been practicing law in the area of credit and collection for about twenty years.

3. My usual and customary rate, on an hourly basis is $265.00. This has been my rate for at least the last five to seven years.

4. An hourly rate of $265.00 is well within the average for hourly fees for doing this kind of work, especially someone with my extensive background and experience.

5. I have incurred 17.5 hours to date in working on this matter on Mr. Haddad's behalf, or fees of $4,637.50.

6. I have also incurred costs of $507.50 in pursuing this matter on behalf of Mr. Haddad.


Further Affiant Saith Not.

                                                                      _____
                                                                      Gary Nitzkin

Subscribed and sworn to before me this 15 day of Sept, 2009.

_____
      Notary Public, Oakland County, MI
My commission expires: 10/2/2012