UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TONY HADDAD, | Case No. 09-12597 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| vs. | |
| CHARLES RILEY & ASSOCIATES, INC., CHARLES RILEY, BRIGHTON MARKET, INC., and BLUE DIAMOND MARKET OF WARREN, INC., | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |
| _____/ | |
| BRIGHTON MARKET, INC., | |
| Cross Claimant, | |
| vs. | |
| CHARLES RILEY & ASSOCIATES, INC., | |
| Cross Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR JUDGMENT (Dkt. 13)**

A.   Statement of Facts

Plaintiff filed the present cause of action on July 2, 2009, claiming that

defendants Charles Riley and Associates, Inc., Charles Riley, Blue Diamond

Market of Warren, and Brighton Market, Inc. violated his rights under the Fair

Credit Reporting Act relating to collection efforts that were undertaken by defendants regarding bad checks that were cashed in the Blue Diamond Market of Warren and the Brighton Market, Inc. and subsequently assigned to Charles Riley and Associates for collection from plaintiff. (Dkt. 1). Brighton Market, Inc. (Brighton) was served on July 14, 2009. (Dkt. 3). Charles Riley and Associates, Inc. (Riley, Inc.) and Charles Riley (Riley) were served on July 22, 2009. (Dkt. 4). Blue Diamond Market of Warren, Inc. (Blue Diamond) was served on August 5, 2009. (Dkt. 8).

Riley, Inc. and Riley filed an answer to the complaint on August 7, 2009. (Dkt. 5). On August 11, 2009, Brighton filed an answer to the complaint and a cross claim against Riley, Inc. (Dkt. 9). On September 9, 2009, plaintiff filed a request for clerk's entry of default against Blue Diamond and a default was entered the same date. (Dkt. 11-12). Plaintiff filed a motion for judgment against Blue Diamond on September 15, 2009. (Dkt. 13).

Brighton filed a request for clerk's entry of default with respect to Brighton's cross claim as to Riley, Inc. on October 8, 2009, and a default was entered on October 9, 2009. (Dkt. 21-22). Brighton filed a motion for judgment against Riley, Inc. on October 16, 2009. (Dkt. 24). Riley, Inc. has not responded to the motion. Blue Diamond has never appeared or contacted the court in the present matter.

A scheduling conference was held on October 29, 2009, by the undersigned. Participating in the conference were counsel for plaintiff, counsel for Brighton and counsel for Riley, Inc. and Riley. The undersigned inquired about the failure of Riley, Inc. to respond to the cross claim by Brighton and counsel for Riley, Inc. stated that a motion to set aside the default would be filed by November 4, 2009. Riley, Inc. did file a motion to set aside the default on November 4, 2009. (Dkt. 27). Brighton responded to the motion to set aside the default on November 19, 2009. (Dkt. 29).

B.   Analysis and Recommendation

A hearing on plaintiff's motion for judgment on the complaint against Blue Diamond, Brighton's motion for judgment on its cross claim against Riley, Inc. and Riley, Inc.'s motion to set aside the default entered against it by Brighton was scheduled for January 13, 2010. (Dkt. 28). The hearing took place as scheduled, however counsel, for Riley, Inc. did not participate in the hearing. Counsel for Riley, Inc. was provided notice of the hearing, which was conducted by conference call, and unsuccessful attempts were made to contact counsel at his office and on his cell phone.

Given that Blue Diamond was served with the complaint and failed to respond in any way to the complaint, plaintiff is entitled to a judgment based on the default previously entered against Blue Diamond. Therefore, the undersigned

**RECOMMENDS** that judgment be entered against Blue Diamond in favor of plaintiff. The amount of the judgment will be determined based on a hearing where plaintiff will have the opportunity to establish the amount of damages to which he is entitled.

    C.    <u>Review</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Administrative Order 09-AO-042. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: January 20, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on January 20, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Gary D. Nitzkin, Robert A. Kuhr, and Gordon S. Gold .

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
