UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY HADDAD,

            Plaintiff,

v.

CHARLES RILEY & ASSOCIATES, INC.,
CHARLES RILEY, BRIGHTON MARKET,
INC., and BLUE DIAMOND MARKET OF
WARREN, INC.,

            Defendants.
_____/

Case No. 09-12597
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk

**<u>OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING IN PART OBJECTIONS TO REPORT
AND RECOMMENDATION BY DEFENDANT BRIGHTON MARKET, INC.,
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING IN PART AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, DISMISSING COUNT III OF THE
COMPLAINT AS TO BRIGHTON MARKET,
AND CONTINUING ORDER OF REFERENCE</u>**

      The matter is before the Court on the objections by defendant Brighton Market, Inc. to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that its cross motion for summary judgment be denied. Judge Hluchaniuk also recommended that the plaintiff's motion for summary judgment be granted in part as to defendants Charles Riley & Associates, Inc. and Charles Riley (the "Riley defendants") and denied as to defendant Brighton Market. This action was commenced on July 2, 2009. The default of defendant Blue Diamond Market was entered on September 9, 2009, and shortly thereafter the Court entered a general order of reference to conduct all pretrial matters. The plaintiff filed a motion for summary judgment against the remaining defendants, and defendant Brighton Market followed with a motion for summary judgment of its own. Judge Hluchaniuk filed his report on April 12, 2010. Brighton

Market filed timely objections. The matter is before the Court for a *de novo* review. Neither the plaintiff nor the Riley defendants have objected to the report and recommendation, and the time for doing so has expired.

The facts of the case have been discussed thoroughly by the magistrate judge in his report. No party has objected to the factual recitations. Briefly, it appears that two of the defendants, Brighton Market and Blue Diamond Market, each cashed checks for customers on separate occasions that turned out to be bogus. The maker of one check appeared to be Rock Financial, and the other Wireless Toyz. Both checks were payable to "Tony Haddad." The respective defendants paid the presenter and then deposited the checks in their separate bank accounts. Each bank returned the checks to the respective defendant stamped "no account on file." Both markets then hired the same collection agency, defendant Charles Riley & Associates, Inc., which is owned by defendant Charles Riley, who noticed that the two checks were made out to the same payee. Riley determined that the payee's addresses were phony, and then he set about to discover the true payee.

According to the magistrate judge's summary of the discovery, it appears that Riley consulted an on-line directory and located several individuals named "Tony Haddad" within Michigan. He focused on the plaintiff as the likely suspect, although the record remains unclear as to how or why Riley made that choice. He then contacted the plaintiff by telephone and letter, demanded payment, threatened criminal prosecution, threatened litigation, and notified credit reporting agencies of open accounts allegedly owed by the plaintiff as a result of the two bogus checks. The plaintiff submitted a consumer dispute to the credit reporting agency, which notified Riley, who in turn reported the dispute to both Brighton and Blue Diamond Markets. Neither took

any action, and Riley verified the charge to the credit reporting agency, although he admitted that he failed to perform a reinvestigation.

This lawsuit followed, and the dispositive motions were filed, as noted earlier.

The plaintiff's complaint states counts under the Fair Debt Collection Practices Act (FDCPA), the Michigan Collection Practices Act, and the Fair Credit Reporting Act (FCRA). The plaintiff moved for summary judgment against the remaining defendants (Brighton Market and the Riley defendants) on his federal claims. The two defendants responded in opposition to the motion, and Brighton Market filed a cross motion for summary judgment. Judge Hluchaniuk recommended that the plaintiff's motion for summary judgment against the Riley defendants on the FDCPA violation be granted in part and denied in part, summary judgment against the Riley defendants on the FCRA violations be granted, summary judgment against Brighton Market on the FCRA violations be denied, and Brighton Market's cross motion for summary judgment be denied.

Brighton Market filed two objections to the report and recommendation. First, it argues that the recommendation to deny its summary judgment motion on the FCRA count because the question whether the plaintiff is entitled to damages is a jury issue is erroneous because the plaintiff himself admitted in his deposition testimony that he suffered no damages. Brighton Market also argues that absent damages, the plaintiff cannot recover attorney's fees. Second, Brighton Market argues that the magistrate judge's determination that Brighton Market could be vicariously liable for Riley's actions was erroneous because Riley clearly acted beyond the scope of his appointed authority when he violated the FCRA, as the agreement between Brighton Market and Riley expressly prohibited Riley from violating any local, state, or federal laws.

Objections to a report and recommendation dealing with the post-judgment motion for attorney's fees and costs are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

As noted above, neither the plaintiff nor the Riley defendants have filed objections. Therefore, the Court will adopt that portion of the recommendation that grants the plaintiff's motion for summary judgment against the Riley defendants on the FCRA claim and part of the FDCPA claim, and denies the plaintiff's motion as to Brighton Market.

Brighton Market bases its first objection on *Casella v. Equifax*, 56 F.3d 469 (2d Cir. 1995), in which the Second Circuit held that a plaintiff could not recover emotional distress damages under the FCRA where there was no publication of the false credit information to third parties. Although the magistrate judge cited *Casella*, he did not discuss that part of its holding. Instead, citing *Bach v. First Union Nat'l Bank*, 149 F. App'x 354 (6th Cir. 2005), the magistrate judge observed that recovery of actual damages under the FCRA requires proof of "the loss of credit *or some other harm*." R&R at 21 (emphasis added). *Bach* indeed contains that very language, although the case describes facts showing loss of credit traceable to the defendant's false reports. Although not binding precedent, the case supports the idea that pain and suffering damages may be recovered under the FCRA.

*Casella* does not undermine that holding. In fact, in that case, the court stated that "the District Court properly recognized that 'actual damages' may include humiliation and mental distress, even in the absence of out-of-pocket expenses." *Casella*, 56 F.3d at 474. That court determined instead that the record was barren of causation evidence that linked the plaintiff's distress to the defendant's conduct.

In this case, Brighton Market argued in its summary judgment motion that the plaintiff presented no evidence that the erroneous reports were accessed by potential creditors or that he was denied — or even applied for — credit while the false information was on file with the credit bureaus. The plaintiff did not respond to that argument, and the magistrate judge did not address it. A party bringing a motion for summary judgement under Federal Rule of Civil Procedure 56 "has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts."

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). However, "[o]nce that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Ibid.* (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

As far as the Court can determine, there is no evidence in this record that ties the plaintiff's alleged emotional distress damages to the false credit information on file. When the *Casella* court affirmed summary judgment denying recovery for pain and suffering damages, it stated that "we do not believe a plaintiff can recover for pain and suffering when he has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency." *Casella*, 56 F.3d at 475. That appears to be the case here as well.

Under the FCRA, a plaintiff may recover actual *and* statutory damages for a willful violation of the Act. *See* 15 U.S.C. § 1681n. But for negligent violations, a plaintiff may recover only actual damages. *See* 15 U.S.C. § 1681o. The plaintiff has sued under both statutes. Because of the failure to offer any evidence of actual damages, however, the plaintiff is limited to his remedies for a willful violation of the FCRA. The Court finds, therefore, that defendant Brighton Market is entitled to summary judgment on count III of the complaint. The plaintiff may proceed on count IV against this defendant.

Brighton Market also argues that it also is entitled to a determination that the plaintiff may not recover attorney's fees. The magistrate judge left that issue "for another day." That was entirely appropriate. The plaintiff is entitled to recover attorney's fees for a negligent violation of the FCRA.

*See* 15 U.S.C. § 1681o(a)(2). However, motions for attorney's fees must abide the final outcome of the case. *See* Fed. R. Civ. P. 54(d)(2); *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 689 (6th Cir. 2005) (stating that the rule for filing motions for attorney's fees within a certain time of the entry of the final judgment was "introduced in large part to avoid piecemeal appeals of merits and fees questions" (internal citations omitted)). The defendant may not obtain via summary judgment motion an advance ruling on a motion that has not yet been filed.

Brighton Market also takes issue with the magistrate judge's suggestion that it could be vicariously liable for the Riley defendants' conduct. The sole basis of that argument is a clause in the engagement agreement that prohibits Riley from violating the law. The magistrate judge thoroughly summarized that law concerning vicarious liability under the FCRA and concluded that the record presented issues of fact precluding summary judgment on the issue. The Court need not repeat those findings; it is persuaded that the magistrate judge correctly determined that issue and adopts his findings.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #56] is **ADOPTED IN PART**.

It is further **ORDERED** that the objections by defendant Brighton Market to the magistrate judge's report and recommendation [dkt #57] are **OVERRULED IN PART AND SUSTAINED IN PART**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt #30] is **GRANTED IN PART AND DENIED IN PART**. The plaintiff may recover from defendants Charles Riley & Associates, Inc. and Charles Riley on his claims in count I of the complaint based on 15 U.S.C. § 1692e(5) and counts III and IV. The motion is denied in all other respects.

It is further **ORDERED** that the motion for summary judgment by defendant Brighton Market [dkt #39] is **GRANTED IN PART AND DENIED IN PART**. Count III of the complaint is **DISMISSED WITH PREJUDICE** as to defendant Brighton Market **ONLY**, and the motion is denied in all other respects.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt #14] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 30, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO