UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY HADDAD,

        Plaintiff,                     Case Number 09-12597
                                                 Honorable David M. Lawson
v.                                            Magistrate Judge Michael J. Hluchaniuk

CHARLES RILEY & ASSOCIATES, INC.,
CHARLES RILEY, BRIGHTON MARKET,
INC., and BLUE DIAMOND MARKET OF
WARREN, INC.,

        Defendants,

and

BRIGHTON MARKET, INC.

        Cross-Claimant,

v.

CHARLES RILEY & ASSOCIATES, INC.,

        Cross-Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter arises under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendants Blue Diamond Market of Warren, Inc. ("Blue Diamond") and Brighton Market cashed bogus checks that were payable to a "Tony Haddad." They hired defendants Charles Riley & Associates and Charles Riley (collectively, the Riley defendants) to investigate. The Riley defendants stumbled upon the plaintiff as the culprit, without confirming that he was the appropriate debtor, and attempted to collect on the debt through harassing phone calls and baseless threats of litigation. Instead, it was the plaintiff who filed suit on July 2, 2009.

Blue Diamond was defaulted early in the litigation, on September 9, 2009, and the plaintiff continued through several years of litigation with the remaining parties. The plaintiff ultimately reached a global settlement with Brighton Market on March 31, 2011, and the Court entered judgment against the Riley defendants and Blue Diamond, jointly and severally, on May 18, 2011.

Presently before the Court is the plaintiff's motion for attorney's fees. Blue Diamond was the only defendant to respond, and the time for filing responses has elapsed. Blue Diamond seeks to avoid the imposition of attorney's fees on a joint and several basis, arguing that this allocation would be unreasonable because Blue Diamond was defaulted early in the case and the plaintiff expended the bulk of its efforts against the remaining three defendants. The plaintiff argues that Blue Diamond admitted that the Riley defendants were its agents through its act of defaulting, the Court properly can hold Blue Diamond liable for the fees incurred by its agents, and Blue Diamond's individual actions in refusing to remove the trade line necessitated the expenditure of the majority of plaintiff's counsel's efforts in this matter. The plaintiff seeks an award of $32,820.25 against Blue Diamond and the Riley defendants jointly and severally.

The plaintiff's complaint alleges a violation of the FDCPA against the Riley defendants in count I and both negligent and willful violations of the FCRA against all defendants in counts III and IV. The FCRA grants the plaintiff the same right to attorney's fees regardless of the underlying cause of action: "in the case of any successful action to enforce any liability under this section, [the plaintiff may recover] the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a); *see also* 15 U.S.C. § 1692k(a) (providing the same right to attorney's fees under the FDCPA).

"'A reasonable fee,' . . . 'is one that is adequate to attract competent counsel, but [does] not produce windfalls to attorneys.'" *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). "[I]nsofar as legal work for which a fee is being sought represents 'economic waste,' the fee request is unreasonable." *See id.* at 306. The award of reasonable attorney's fees is mandatory under the FCRA. *Cf. id.* at 307 n.8. However, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (42 U.S.C. § 1988).

When calculating a reasonable attorney's fee, "[t]he most useful starting point" is to calculate the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Lee*, 109 F.3d at 306 n.7. The lodestar amount carries a presumption of reasonableness, but despite this presumption, a district court has broad discretion to fashion a reasonable award of attorney's fees under the FCRA or the FDCPA. *See Norton v. Wilshire Credit Corp.*, 36 F. Supp. 2d 216, 219 (D.N.J. 1999). "The court should . . . exclude excessive, redundant or otherwise unnecessary hours." *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)). As the Supreme Court has explained:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 434 (internal citations omitted).  To determine a reasonable hourly rate, the Court must award a fee "that is adequate to attract competent counsel, but does not produce windfalls to attorneys."  *Hadix*, 65 F.3d at 535 (internal citations, alterations, and omissions omitted).  "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).  Generally, a reasonable hourly rate is calculated by reference to the prevailing market rates in the relevant community.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation."  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007).

"There remain other considerations" after the lodestar figure is calculated, such as whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  *Hensley*, 461 U.S. at 434 (internal citations omitted).  "When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained."  *Id.* at 437.  "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Id.* at 435.  Nonetheless, "a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised."  *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*

*& Davidson Cnty., Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005)).  However, the Sixth Circuit has instructed that "[i]n directing the courts to award 'reasonable' fees, on the contrary, Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary — nothing less, and nothing more." *Lee*, 109 F.3d at 306-07.

Plaintiff's counsel requests an hourly fee of $265, based on his experience of over twenty years as a credit and collection lawyer litigating in state courts.  Mot. for Atty.'s Fees, Ex. 1, Aff. of Gary Nitzkin, ¶¶ 2-5.  In total, he requests fees of $32,820.25 against the Riley defendants and Blue Diamond, after discounting for time spent on claims against Brighton Market.  *Id.* ¶ 6.  Blue Diamond has not challenged plaintiff's counsel's requested hourly rate; instead, this defendant challenges only the plaintiff's failure to allocate fees between the Riley defendants and itself.  Resp. at 1, 9-10.  The Court finds that plaintiff's counsel's requested hourly rate of $265 is reasonable based on his experience and expertise in the subject area and in comparison with similarly credentialed attorneys in this market.  It is undisputed that plaintiff's counsel was successful in this matter, achieving a judgment of $15,230.98 against Blue Diamond and the Riley defendants.

Blue Diamond argues that the attorney's fees requested against it are unreasonable because the fees account primarily for work undertaken to prove liability against the Riley defendants.  *Id.* at 9-10.  The defendant notes that it was defaulted early in the litigation and that the majority of fees were incurred against the Riley defendants.  *Ibid.*  The plaintiff argues that the defendant admitted that the Riley defendants were its agents when it went into default.  Reply at 4 (citing Compl. ¶ 11 ("Both Riley and Charley Riley were agents for Blue Diamond and Brighton.")).  Even taking this assertion as true, the agency relationship contemplated in the complaint involved events prior to the

-5-

filing of the complaint; there is no indication in the record, and the plaintiff has presented no argument, that Blue Diamond directed the Riley defendants' litigation strategies or encouraged the Riley defendants to contest liability vigorously while Blue Diamond itself took a default. Therefore, although the Court finds that the time expended against the Riley defendants was reasonable, the Court also finds that there are not grounds to impose the fees attributed to the litigation activities of the Riley defendants against the other defendants.

The statutory language of the FCRA, which authorizes the award of "reasonable attorney's fees as determined by the court" under all the circumstances, 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a), contemplates a situation where one defendant does not contest liability or has dropped out at an early stage of the litigation and the major share of the attorney's fees was accumulated by the resistance, reasonable or not, of another defendant. With respect to the case activity that was directed toward all parties, the Court finds that it would be reasonable to award attorney's fees on a joint and several basis. However, the Court believes that it would not be reasonable to award attorney's fees against all defendants for actions taken solely against one group of defendants. The Court will exclude from the joint and several portion of the attorney's fee award the fees accumulated from the time Blue Diamond went into default until the hearing on damages and impose this excluded portion against the Riley defendants only. The Court will award attorney's fees of $8,837.75 against Blue Diamond and the Riley defendants jointly and severally, which represents the fees incurred up to the point of filing the motion for judgment against this defendant, including the hearing on this motion on January 13, 2010, and those incurred for drafting the motion for damages and any activities thereafter. The Court will impose the remainder of the fees, or $23,982.50, against the Riley defendants only.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees [dkt #73] is **GRANTED IN PART**.

It is further **ORDERED** that the plaintiff may recover attorney's fees in the amount of $8,837.75 against defendants Charles Riley and Associates, Inc., Charles Riley, and Blue Diamond Market of Warren, Inc., jointly and severally.

It is further **ORDERED** that the plaintiff may recover additional attorney's fees in the amount of $23,982.50 against Charles Riley and Associates, Inc., and Charles Riley only.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated:  June 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

                                    s/Deborah R. Tofil  
                                      DEBORAH R. TOFIL